JUSTIN M. HEILIG
HILL RIVKINS LLP
45 Broadway, Suite 2110
New York, NY 10006
Tel: (212) 669-0600
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>- against -<br><br>COHESION FREIGHT (HK) LIMITED and YANG MING MARINE TRANSPORT CORPORATION,<br><br>Defendants. | Civil Action No. 23-cv-334<br><br>**COMPLAINT** |

Plaintiff Travelers Property Casualty Company of America ("Travelers"), by and through its attorneys Hill Rivkins LLP, as and for its Complaint against Defendants Cohesion Freight (HK) Limited and Yang Ming Marine Transport Corporation (together "Defendants"), alleges upon information and belief as follows:

1. This subrogation action arises from loss or damage to cargo transported, or intended to be transported, by ocean carriage from Asia to the United States.

2. This action is comprised of admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333.

1

3. The United States District Court for the Southern District of New York is the proper venue for this action by virtue of the forum selection clauses contained in the operative bills of lading, sea waybills, terms and conditions of service, and/or contracts of carriage for the shipments at issue. Defendants have consented to the personal jurisdiction of this Honorable Court by virtue of the same forum selection clauses.

4. At all times relevant hereto, Plaintiff Travelers was and now is a business entity organized and existing under Connecticut law, with an office and place of business at One Tower Square, Hartford, CT 06183.

5. At all times relevant hereto, Plaintiff Travelers was and now is an insurance company that insured the cargo described in Schedule A (the "Cargo"), which is annexed hereto and incorporated herein by reference.

6. At all times relevant hereto, subrogor Fabco Enterprises Inc. d/b/a "Fabco Shoes" was and now is a corporation organized and existing by virtue of New York law, with an office and place of business at 52-55 74th Street, Elmhurst, NY 11373, and was the consignee and/or owner of the Cargo.

7. At all times relevant hereto, Defendant Cohesion Freight (HK) Limited was and now is a corporation or other business entity organized and existing by virtue of foreign law, with an office and place of business at Sunshine Kowloon Bay Cargo Centre, Unit A, 8/F, 59 Tai Yip Street, Kowloon Bay, Hong Kong, engaged in business as a non-vessel operating common carrier ("NVOCC") and/or ocean transportation intermediary ("OTI") under the trade name "Cohesion Freight Worldwide" ("CFW"),

registered with the U.S. Federal Maritime Commission (org. no. 025290), issuing bills of lading and/or sea waybills for the common carriage of goods aboard ocean-going vessels.

8. Pursuant to and in accordance with 46 C.F.R. § 515.24, Defendant CFW has designated and maintains U.S. Traffic Service, located at 23472 Bending Oak Court, Murrieta, CA 92562, as its agent in the United States for the receipt and service of legal and administrative process.

9. At all times relevant hereto, Defendant Yang Ming Marine Transport Corporation ("Yang Ming") was and now is a corporation or other business entity organized and existing by virtue of foreign law, with an office and place of business at One Newark Center, 1085 Raymond Boulevard, 9th Floor, Newark, NJ 07102, engaged in business as a common carrier of goods for hire, issuing bills of lading and/or sea waybills for the common carriage of goods aboard certain ocean-going vessels.

10. In or about December 2021 , at the place of receipt identified in Schedule A, the Cargo was tendered to and delivered into the custody and/or control of Defendants (and/or their respective agents, servants, and/or subcontractors) in good order and condition, and suitable in every respect for the intended transportation, which Defendants received, accepted, and agreed to properly and carefully load, stow, secure, and transport to destination in New York, for certain consideration and payment of freight charges, under the bills of lading and/or sea waybills and in the

shipping container identified in Schedule A, which was subsequently loaded on board the M.V. MADRID BRIDGE (the "Vessel") for ocean carriage.

11. However, on or about January 7, 2022, while the Vessel was en route to the Port of New York and New Jersey, numerous containers fell overboard and were lost at sea in the North Atlantic, while others were damaged in the stow collapse (the "Casualty"), including the container identified in Schedule A.

12. Defendants (and/or their respective agents, servants, and/or subcontractors) thus failed to deliver the Cargo to destination in the same good order and condition as it was received.

13. By reason of the premises, Defendants (and/or their respective agents, servants, and/or subcontractors) breached their statutory, contractual, and/or common law duties and obligations as common carriers, NVOCCs, OTIs, and/or bailees of the Cargo; were negligent and careless in their handling of the Cargo; and otherwise are liable for the losses and damages described herein.

14. Following the Casualty, Fabco Shoes submitted an insurance claim to Plaintiff Travelers under a policy then in full force and effect for the loss of and/or damage to the Cargo, which Plaintiff Travelers paid to Fabco Shoes.

15. By virtue of said payment, Plaintiff Travelers became subrogated to all of Fabco Shoes' rights, remedies, and claims for relief with respect to the Cargo, including those asserted against Defendants herein.

16. Plaintiff Travelers brings this action on its own behalf and, as agent and trustee, on behalf of all parties who are or may become interested in the Cargo, as

their respective interests may ultimately appear, and Plaintiff Travelers is entitled to maintain this action.

17. All obligations and conditions precedent to be performed by the shipper, consignee, and/or owner of the Cargo, and/or Plaintiff Travelers as subrogee, have been performed, waived, or otherwise excused, including the payment of freight.

18. By reason of the premises, Plaintiff Travelers has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the amount of $95,508.15.

    WHEREFORE, Plaintiff Travelers prays:

    i.    that process be issued against Defendants CFW and Yang Ming in due form of law according to the practice of this Honorable Court, citing them to appear and answer the foregoing;

    ii.    that judgment be entered in favor of Plaintiff Travelers against Defendant CFW and Yang Ming, jointly and severally, in the amount of $ 95,508.15, together with costs and interest; and

    iii.    for such other and further relief as this Honorable Court deems just and proper under the circumstances.

Dated:  New York, New York
        January 13, 2023

                                            HILL RIVKINS LLP,
                                            *Attorneys for Plaintiff*

                                            By: _____

                                            Justin M. Heilig
                                            45 Broadway, Suite 2110
                                            New York, NY 10006
                                            Tel: (212) 669-0600
                                            Email: jheilig@hillrivkins.com

## **Schedule A**

House Bill of Lading/Sea Waybill: CSZ21019376
Master Bill of Lading/Sea Waybill: YMLUE226083050
Container: FSCU7072716
Cargo: 1927 cartons of footwear
Shipper: Shantou Honesty Trading Company Limited
Consignee: Fabco Shoes
Place of Receipt: Yantian, P.R.C.
Plaice of Delivery: New York, NY, USA
Nature of Loss: Non-Delivery